

**ORDERED in the Southern District of Florida on July 9, 2024.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 Cases |
| AEROTECH MIAMI INC. d/b/a iAero Tech, *et al.*,[1] | Case No. 23-17503-RAM |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING SECOND AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KING & SPALDING LLP, AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF SEPTEMBER 19, 2023, THROUGH APRIL 30, 2024**

**THIS MATTER** having come before the Court for a hearing on Tuesday, July 9, 2024 at

10:00 a.m. (the "Hearing") in Miami, Florida upon (i) the *Second and Final Application for*

---

[1] The address of the Debtors is Scott N. Brown, Esq., chapter 7 trustee, c/o Bast Amron, One Southeast Third Avenue, Suite 2410, Miami, Florida 33131. The last four digits of the Debtors' federal tax identification numbers are: (i) AeroTech Miami Inc. d/b/a iAero Tech (2242); (ii) AeroThrust Delta PBH, LLC (6675); (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC (4451); (iv) AeroThrust Holdings Leasing, LLC (0152); (v) iAero 11 Investments LLC (9894); (vi) iAero 11B Investments LLC (6126); (vii) iAero Group Bidco Inc. (3777); (viii) iAero Group Holdco 6 LLC (6980); (ix) iAero Group Intermediate Inc. (4712); (x) iAero Group Parent LLC (0962); (xi) iAero Thrust Engine Test Center, LLC (3908); (xii) iAero Thrust LLC (8261); (xiii) JAM Aerospace Parts, LLC (2331); (xiv) New Swift Air Holdings, L.L.C. (7373); (xv) Swift Air, L.L.C. d/b/a iAero Airways (2506); and (xvi) Swift Air Travel, LLC (3558).

13129884-1

*Allowance and Payment of Compensation and Reimbursement of Expenses of King & Spalding LLP, as Counsel to the Debtors for the Period of September 19, 2023 Through April 30, 2024* [ECF No. 657] (the "Final Application")[2] filed by King & Spalding LLP, requesting a final award of fees in the amount of **$5,544,067.25** and expenses in the amount of **$127,475.60** for the period of September 19, 2023 through April 30, 2024 (the "Application Period"). The Court, having considered the Final Application, finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Final Application was proper and sufficient under the circumstances and was provided to all interested parties such that no other or further notice is necessary; (v) all of the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines have been satisfied; (vi) the compensation earned and expenses incurred by King & Spalding LLP related to the Final Application having been actual, necessary and reasonable under section 330 of the Bankruptcy Code and relevant case law; (vii) the relief requested in the Final Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (viii) the Court having reviewed the Final Application and determined that the legal and factual bases set forth in the Final Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, does for the reasons stated in the Final Application and on the record of the Hearing, all of which are incorporated herein,

**ORDER** as follows:

1.      The Application is **GRANTED**.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Final Application.

2

13129884-1

2.      King & Spalding LLP, as counsel to the Debtors, is awarded, on a final basis, fees in the amount of **$5,544,067.25** and expenses in the amount of **$127,475.60** representing the sum of: (a) **$3,117,433.20**, representing 80% of the fees earned, and **$72,790.85,** representing 100% of the expenses incurred, during First Interim Period; *plus* (b) **$779,358.30**, representing the 20% professional fees hold back, as detailed in the First Interim Fee Application; *plus* (c) 100% of the fees earned in the amount of **$1,647,275.75** and 100% of the expenses incurred in the amount of **$54,684.75** during Second and Final Period, in each case for immediate payment to the extent not already paid.

3.      King & Spalding LLP is authorized to apply any unused amounts, in the amount of $1,426,694.39, in the Carve-Out Reserve to pay any of the fees and expenses awarded pursuant to the terms of this Order.

4.      In making the foregoing award, the Court has considered the criteria in sections 330 and 331 of the Bankruptcy Code, the requirements of Bankruptcy Rule 2016, and the factors that govern the reasonableness of fees as set forth in *Grant* v. *George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir. 1990), *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by King & Spalding LLP.

5.      Specific findings and a statement of the facts and considerations supporting each of these conclusions have been omitted in the interest of brevity. Should any party in interest request findings of fact and considerations supporting each of these conclusions, the Court will consider any such request.

13129884-1

6.      The Debtors are authorized and directed to pay King & Spalding LLP the above stated amounts in full in cash, less any amounts previously received by King & Spalding LLP, immediately upon the entry of this Order from the funds being held by the Debtors, and in any event, no later than one (1) Business Day following the entry of this Order.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.      The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, enforcement or implementation of this Order.

# # #

<u>Submitted by</u>:
Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  cjarvinen@bergersingerman.com

*(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

4

13129884-1