

**ORDERED in the Southern District of Florida on July 9, 2024.**

_____
**Robert A. Mark, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>AEROTECH MIAMI INC. d/b/a iAero Tech, *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 23-17503<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF THE DEBTORS
FOR THE ENTRY OF AN ORDER (A) AUTHORIZING CERTAIN
TRANSFERS FROM THE CARVE-OUT RESERVE, (B) TERMINATING
THE CARVE-OUT RESERVE AND DISCHARGING AND RELEASING BERGER
SINGERMAN LLP, IN ITS CAPACITY AS THE ADMINISTRATOR OF
THE CARVE-OUT RESERVE, AND (C) GRANTING RELATED RELIEF**

---

[1] The address of the Debtors is Scott N. Brown, Esq., chapter 7 trustee, c/o Bast Amron LLP, One Southeast Third Ave., Ste. 2410, Miami, FL 33131. The last four digits of the Debtors' federal tax identification numbers are: (i) AeroTech Miami Inc. d/b/a iAero Tech (2242); (ii) AeroThrust Delta PBH, LLC (6675); (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC (4451); (iv) AeroThrust Holdings Leasing, LLC (0152); (v) iAero 11 Investments LLC (9894); (vi) iAero 11B Investments LLC (6126); (vii) iAero Group Bidco Inc. (3777); (viii) iAero Group Holdco 6 LLC (6980); (ix) iAero Group Intermediate Inc. (4712); (x) iAero Group Parent LLC (0962); (xi) iAero Thrust Engine Test Center, LLC (3908); (xii) iAero Thrust LLC (8261); (xiii) JAM Aerospace Parts, LLC (2331); (xiv) New Swift Air Holdings, L.L.C. (7373); (xv) Swift Air, L.L.C. d/b/a iAero Airways (2506); and (xvi) Swift Air Travel, LLC (3558).

13129968-1

**THIS MATTER** came before the Court for hearing on Tuesday, July 9, 2024 at 10:00 a.m. in Miami, Florida (the "Hearing") upon the *Motion of the Debtors for the Entry of an Order (A) Authorizing Certain Transfers from the Carve-Out Reserve, (B) Terminating the Carve-Out Reserve and Discharging and Releasing Berger Singerman LLP, in Its Capacity as the Administrator of the Carve-Out Reserve, and (C) Granting Related Relief* [ECF No. 719] (the "Motion").[2]  In the Motion, the Debtors request the entry of an order authorizing certain Transfers from the Carve-Out Reserve (a/k/a the Professional Fee Escrow) to the Recipients, to terminate the Carve-Out Reserve after the final amounts are transferred out of it, and to discharge and release Berger Singerman LLP, in its capacity as the administrator of the Carve-Out Reserve.  The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the Constitution of the United States; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were proper and sufficient under the circumstances and no other or further notice is necessary; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the Hearing all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** that:

1.	The Motion is **GRANTED**.

---

[2]  Any capitalized term not explicitly defined in this Order shall have the meaning ascribed to it in the Motion.

13129968-1

2.  The Court retroactively approves the Chapter 7 Trustee Transfer made by the Debtors to the Chapter 7 Trustee.

3.  The Debtors are authorized to make the other Transfers described in the Motion to the Recipients from the Carve-Out Reserve.

4.  After the remaining funds are transferred out of the Carve-Out Reserve pursuant to the terms of this Order and any other order of the Court, and without the need for a further order of the Court, (i) the Carve-Out Reserve is terminated, and (ii) Berger Singerman LLP, in its capacity as the administrator of the Carve-Out Reserve, has fully discharged its duties and obligations, and is fully released and discharged, as the administrator of the Carve-Out Reserve. This provision will become immediately effective on the date Berger Singerman LLP files a notice with the Court stating that it has distributed all funds from the Carve-Out Reserve pursuant to the terms of this Order and any other order of the Court and no funds remain in the Carve-Out Reserve.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

Submitted by:
Christopher A. Jarvinen, Esq.
BERGER SINGERMAN LLP
Co-Counsel for the former Chapter 11 Debtors
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  cjarvinen@bergersingerman.com

(*Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.*)

13129968-1