UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI  DIVISION

In re:                                                                      Chapter 7 Cases (Converted)

**AEROTECH MIAMI INC. d/b/a iAero Tech,**          Case No. 23-17503-RAM
***et al.*,[1]**                                                          (Jointly Administered)

_____Debtors._____/

**TRUSTEE, SCOTT N. BROWN'S MOTION FOR AUTHORITY
TO MAKE DISTRIBUTION TO SECURED CREDITOR, SYNOVUS BANK,
PURSUANT TO TERMS OF SALE ORDER**

Scott N. Brown, as Chapter 7 trustee of the jointly administered bankruptcy estates of (i) Aerotech Miami Inc. d/b/a iAero Tech, (ii) AeroThrust Delta PBH, LLC, (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC, (iv) AeroThrust Holdings Leasing, LLC; (v) iAero 11 Investments LLC, (vi) iAero 11B Investments LLC, (vii) iAero Group Bidco Inc., (viii) iAero Group Holdco 6 LLC, (ix) iAero Group Intermediate Inc., (x) iAero Group Parent LLC, (xi) iAero Thrust Engine Test Center, LLC, (xii) iAero Thrust LLC, (xiii) JAM Aerospace Parts, LLC, (xiv) New Swift Air Holdings, L.L.C., (xv) Swift Air, L.L.C. d/b/a iAero Airways, and (xvi) Swift Air Travel, LLC (the "Trustee"), through counsel and pursuant to (i) 11 U.S.C. §§ 105, 502, 507, 704 and 726, (ii) Rules 2002 and 3009, Fed. R. Bankr. P., (iii) Local Bankruptcy Rule 5005-1(F)(1), and (iv) Par. 39 of this Court's *Order (I) Approving Stalking Horse APA and Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear*

---

[1] The address of the Debtors is c/o Scott N. Brown, Chapter 7 trustee, 1 S.E. 3rd Avenue - #2410, Miami, FL 33131. The last four digits of the Debtors' federal tax identification numbers are: (i) AeroTech Miami Inc. d/b/a iAero Tech (2242; Case No. 23-17503); (ii) AeroThrust Delta PBH, LLC (6675; Case No. 23-17504); (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC (4451; Case No. 23-17505); (iv) AeroThrust Holdings Leasing, LLC (0152; Case No. 23-17506); (v) iAero 11 Investments LLC (9894; Case No. 23-17507); (vi) iAero 11B Investments LLC (6126; Case No. 23-17508); (vii) iAero Group Bidco Inc. (3777; Case No. 23-17509); (viii) iAero Group Holdco 6 LLC (6980; Case No. 23-17510);(ix) iAero Group Intermediate Inc. (4712; Case No. 23-17512); (x) iAero Group Parent LLC (0962; Case No. 2317513); (xi) iAero Thrust Engine Test Center, LLC (3908; Case No. 23-17514); (xii) iAero Thrust LLC (8261; Case No. 23-17515); (xiii) JAM Aerospace Parts, LLC (2331; Case No. 23-17516); (xiv) New Swift Air Holdings, L.L.C. (7373; Case No. 23-17517); (xv) Swift Air, L.L.C. d/b/a iAero Airways (2506; Case No. 23-17518); and (xvi) Swift Air Travel, LLC (3558; Case No. 23-17519).

00838116.DOCX                                                1

*of All Liens Except For Permitted Liens and Assumed Liabilities, and (III) Granting Related Relief*

(ECF No. 602)(the "Sale Order"),[2] files his Motion for Authority to Make Distribution to Secured

Creditor, Synovus Bank, Pursuant to Terms of Sale Order (the "Motion"), and in support thereof, states

as follows:

### Summary of Requested Relief

1.      By this Motion, the Trustee, pursuant to Par. 39 of the Sale Order, seeks authority to

make a $948,000 distribution to Synovus Bank ("Synovus")(the "Proposed Distribution") to pay off

the outstanding balance of the (i) Second Interim Synovus  DIP ($798,000) and (ii) Initial Synovus

Funding ($150,000), from recoveries obtained by the Trustee in the (i) iAero Thrust Engine Test

Center, LLC estate (Case No. 23-17514-RAM)(the "Thrust Estate"), and (ii) Swift Air L.L.C. estate

(Case No. 23-17518-RAM)(the "Swift Air Estate") as follows: (i) $53,762.87 from the Thrust Estate,

and (ii) $894,237.13 from the Swift Air Estate.

2.      As this Court is aware, the "waterfall" provision of the Sale Order requires that the first

recoveries obtained by the Trustee in these cases must be distributed to Synovus to satisfy (i) the

outstanding Conversion Date balance of the Second Interim Synovus DIP, and (ii) the Initial Synovus

Funding. Thereafter, the next $3 Million in net proceeds recovered by the Trustee on account of

Specified Claims and Avoidance Claims are to be distributed to the holders of allowed chapter 11

administrative expense claims. Synovus has represented to the Trustee that the outstanding Conversion

Date balance due on the Second Interim Synovus DIP is $798,000. And the entirety of the $150,000

Initial Synovus Funding remains unpaid.

3.      As a result of the hard work and diligence of the Trustee and his professionals, since the

Conversion Date (May 1, 2024), the Trustee has recovered (i) $1,302,878.91 in the Swift Air Estate,

and (ii) $53,767.87 in the Thrust Estate, and thus, is in a position to distribute the total outstanding

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

00838116 DOCX                                          2

balances of the (i) Second Interim Synovus DIP, and (ii) Initial Synovus Funding, in the aggregate sum of $948,000, to Synovus.

4. Accordingly, the Trustee asserts that it is in the best interests of these Estates and their creditors that he be authorized to make the Proposed Distribution of $948,000 to Synovus as follows: (i) $53,762.87 from the Thrust Estate, and (ii) $894,237.13 from the Swift Air Estate.

## Limited Relevant Background

5. These cases commenced with the filing of voluntary skeleton Chapter 11 petitions by (i) Aerotech Miami Inc. d/b/a iAero Tech, (ii) AeroThrust Delta PBH, LLC, (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC, (iv) AeroThrust Holdings Leasing, LLC; (v) iAero 11 Investments LLC, (vi) iAero 11B Investments LLC, (vii) iAero Group Bidco Inc., (viii) iAero Group Holdco 6 LLC, (ix) iAero Group Intermediate Inc., (x) iAero Group Parent LLC, (xi) iAero Thrust Engine Test Center, LLC, (xii) iAero Thrust LLC, (xiii) JAM Aerospace Parts, LLC, (xiv) New Swift Air Holdings, L.L.C., (xv) Swift Air, L.L.C. d/b/a iAero Airways, and (xvi) Swift Air Travel, LLC (collectively, the "Debtors") on September 19, 2023 (the "Petition Date").[3]

6. From the Petition Date through May 1, 2024 (the "Conversion Date"), the Debtors operated as debtors-in-possession.

7. On September 20, 2023, the Debtors filed their *Ex Parte Motion for Joint Administration* (ECF No. 5), and shortly thereafter, this Court entered its *Order Granting Debtors' Ex Parte Motion for Joint Administration* (ECF No. 14)(the "Joint Administration Order").

8. On October 18, 2023, the Debtors filed their schedules and statements of financial affairs (*see* ECF Nos. 203 & 205).

---

[3] The bankruptcy estates of the jointly administered Debtors shall be referred to as the "Estates."

9. On March 11, 2024, the Debtors filed their *Expedited Motion for Entry of an Order (I) Approving Entry into Stalking Horse APA and Certain Bid Protections, (II) Modifying Certain Bidding Procedures, and (III) Granting Related Relief* (ECF No. 501).

10. On March 15, 2024, this Court entered its *Order Granting Debtors' Expedited Motion for Entry of an Order (I) Approving Entry into Stalking Horse APA and Certain Bid Protections, (II) Modifying Certain Bidding Procedures, and (III) Granting Related Relief, and (IV) Setting a Sale Hearing* (ECF No. 524)(the "Bidding Procedures Order"), which, among other things, scheduled an auction for April 4, 2024, and a sale hearing for April 8, 2024.

11. Because there were no qualified bidders other than the stalking horse, on April 3, 2024, the Debtors filed their *Notice That No Auction Will be Conducted on April 4, 2024 and the Debtors Will Proceed With the Sale Hearing on April 8, 2024 at 9:30 A.M. (Prevailing Eastern Time) With the Stalking Horse* (ECF No. 573).

12. On April 12, 2024, the Debtors filed their *Agreed Motion of the Debtors and Committee for the Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* (ECF No. 601)(the "Conversion Motion").

13. Following hearings conducted on April 8, 2024 and April 10, 2024, on April 14, 2024, this Court entered its *Order (I) Approving Stalking Horse APA and Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens Except For Permitted Liens and Assumed Liabilities, and (III) Granting Related Relief* (ECF No. 602)(the "Sale Order"), and on April 18, 2024, the Debtors filed their *Notice of Closing Date and Request to Enter Conversion Order on April 30, 2024* (ECF No. 603).

14. On May 1, 2024, this Court entered its *Agreed Order Granting Agreed Motion of the Debtors and Committee for the Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* (ECF No. 625)(the "Conversion Order").

15. Shortly thereafter, on May 1, 2024, Scott N. Brown as appointed as Chapter 7 trustee of the Debtors' bankruptcy estates (*see* ECF No. 626).

16. The 341 Meeting of Creditors (the "341 Meeting") in the Chapter 7 cases was held and concluded on June 10, 2024 (*see* ECF No. 709).

**The Sale Order "Waterfall"**

17. As this Court is aware and as noted above, as a result of negotiations between, among others: (i) Synovus, (ii) the Debtors, and (iii) the Creditor's Committee, in connection with the Sale and anticipated conversion of these cases, this Court approved a compromise pursuant to which a "waterfall" mechanism was established that would govern the Trustee's distribution of funds recovered.

18. The first two (2) tranches of recoveries were to be distributed to Synovus to pay the outstanding Conversion Date balance of the (i) Second Interim Synovus DIP of $798,000, and (ii) Initial Synovus Funding of $150,000.

19. As noted above, the Trustee has recovered $1,302,879.91 to date in the Swift Air Estate (exclusive of the $250,000 initial Chapter 7 professional fee carve-out), and $53,767.87 in the Thrust Estate, and thus, is in a position to make the Proposed Distribution of $948,000 to Synovus.

**The Chapter 11 Administrative Claims and Claims Bar Date**

20. Following payment of the $948,000 Proposed Distribution to Synovus, the next $3 Million in net recoveries on account of Specified Claims and Avoidance Claims are to be distributed to the holders of allowed chapter 11 administrative expense claims.

21. Pursuant to the terms of this Court's August 30, 2024 *Order Granting Chapter 7 Trustee, Scott N. Brown's Motion (I) to Establish a Bar Date for the Filing of Motions Seeking the Allowance of Administrative Expense Claims, and (II) to Designate the Form and Manner of Notice of*

*Administrative Claims Bar Date* (ECF No. 795), the Administrative Claims Bar Date is October 15, 2024.

22.     The Trustee and his professionals are in the process of investigating potential recovery opportunities.

**The Cash on Hand**

23.     The Swift Air Estate currently has cash on hand of approximately $1,508,302.51, and the Thrust Estate currently has cash on hand of $53,767.87, and thus, there are sufficient finds on hand to pay (i) the Proposed Distribution to Synovus, and (ii) the interim Trustee and professional fee applications of the Trustee, Bast Amron LLP and KapilaMukamal, LLP being filed contemporaneously with the filing of this Motion.

## Relief Requested

24.     Accordingly, for the reasons set forth above, the Trustee seeks entry of an order authorizing him to make the Proposed Distribution of $948,000 to Synovus (i) $53,762.87 from the Thrust Estate, and (ii) $894,237.13 from the Swift Air Estate, which will represent payment in full of the (i) Second Interim Synovus DIP of $798,000, and (ii) Initial Synovus Funding of $150,000.

**WHEREFORE**, Scott N. Brown, as Chapter 7 trustee of the jointly administered bankruptcy estates of (i) Aerotech Miami Inc. d/b/a iAero Tech, (ii) AeroThrust Delta PBH, LLC, (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC, (iv) AeroThrust Holdings Leasing, LLC; (v) iAero 11 Investments LLC, (vi) iAero 11B Investments LLC, (vii) iAero Group Bidco Inc., (viii) iAero Group Holdco 6 LLC, (ix) iAero Group Intermediate Inc., (x) iAero Group Parent LLC, (xi) iAero Thrust Engine Test Center, LLC, (xii) iAero Thrust LLC, (xiii) JAM Aerospace Parts, LLC, (xiv) New Swift Air Holdings, L.L.C., (xv) Swift Air, L.L.C. d/b/a iAero Airways, and (xvi) Swift Air Travel, LLC, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2)

authorizing him to make the Proposed Distribution of $948,000 to Synovus as detailed above, and (3)

granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAST AMRON LLP
*General Counsel for the Trustee,*
*Scott N. Brown*
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

By:/s/ *Scott N. Brown*
Scott N. Brown, Esq. (FBN 663077)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 2nd day of October, 2024, as follows.

Via CM/ECF to all parties registered to receive CM/ECF notice in this case; and

Via U.S. Mail to the parties on the attached mailing matrix.

/s/ *Scott N. Brown*
Scott N. Brown, Esq.

RPMayer & Associates, LLC
N81 W5912 Orchard Drive
Cedarburg, WI 53012

James R. Tolzien
Chief Executive Officer
EALG Interim Solution, Inc. (f/k/a
Eastern Air Lines Group, Inc.)
1221 Brickell Avenue
Suite 2660
Miami, Florida   33131

Vickie M. Duncan, Esq.
Oerlikon Surface Solutions,
Americas
Attn: Legal Dept.
1101 Prospect Avenue,
Westbury, NY 11590.

S. David Sheffman,Esq
Law office of Alexis Gonzalez,P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133

Three Brothers Family Office LLC
c/o Adam Greenberg
410 Park Avenue, 22nd Floor
New York, NY 10022

High Class Aero Inc.
6991 NW 82nd Ave
Bay 11
Medley, FL 33166