

**ORDERED in the Southern District of Florida on October 1, 2025.**

_____
Robert A. Mark, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                                Chapter 7 Cases (Converted)

**AEROTECH MIAMI INC. d/b/a iAero Tech,**                Case No. 23-17503-RAM
***et al.*,**[1]                                                (Substantively Consolidated)

_____Debtors._____/

**ORDER GRANTING TRUSTEE, SCOTT N. BROWN'S MOTION (A) TO**
**APPROVE AGREEMENT TO COMPROMISE CONTROVERSY AND**
**MUTUAL GENERAL RELEASE BETWEEN TRUSTEE AND PAN AM**
**FLIGHT ACADEMY, LLC, AND (B) FOR PAYMENT OF CONTINGENCY**
**FEE TO BAST AMRON LLP FROM SETTLEMENT FUNDS**

---

[1] The address of the Debtors is c/o Scott N. Brown, Chapter 7 trustee, 1 S.E. 3rd Avenue - #2410, Miami, FL 33131. The last four digits of the Debtors' federal tax identification numbers are: (i) AeroTech Miami Inc. d/b/a iAero Tech (2242; Case No. 23-17503); (ii) AeroThrust Delta PBH, LLC (6675; Case No. 23-17504); (iii) AeroThrust Holdings Aircraft and Engine Leasing, LLC (4451; Case No. 23-17505); (iv) AeroThrust Holdings Leasing, LLC (0152; Case No. 23-17506); (v) iAero 11 Investments LLC (9894; Case No. 23-17507); (vi) iAero 11B Investments LLC (6126; Case No. 23-17508); (vii) iAero Group Bidco Inc. (3777; Case No. 23-17509); (viii) iAero Group Holdco 6 LLC (6980; Case No. 23-17510);(ix) iAero Group Intermediate Inc. (4712; Case No. 23-17512); (x) iAero Group Parent LLC (0962; Case No. 2317513); (xi) iAero Thrust Engine Test Center, LLC (3908; Case No. 23-17514); (xii) iAero Thrust LLC (8261; Case No. 23-17515); (xiii) JAM Aerospace Parts, LLC (2331; Case No. 23-17516); (xiv) New Swift Air Holdings, L.L.C. (7373; Case No. 23-17517); (xv) Swift Air, L.L.C. d/b/a iAero Airways (2506; Case No. 23-17518); and (xvi) Swift Air Travel, LLC (3558; Case No. 23-17519).

Case No. 23-17503-RAM
(Substantively Consolidated)

**THIS CAUSE** having come before the Court for hearing on October 1, 2025 at 11:00 a.m. upon *Trustee, Scott N. Brown's Motion (A) to Approve Agreement to Compromise Controversy and Mutual General Release Between Trustee and Pan Am Flight Academy, LLC, and (B) for Payment of Contingency Fee to Bast Amron LLP From Settlement Funds* (ECF No. 914)(the "Motion"),[2] and the Court, having reviewed (i) the Motion, (ii) the Agreement to Compromise Controversy and Mutual General Release Between Trustee and Pan Am Flight Academy, LLC attached as Exhibit "A" to the Motion (the "Settlement Agreement" or the "Agreement"),[3] (iii) this Court's *Order Granting Chapter 7 Trustee, Scott N. Brown's Motion to Employ Brett M. Amron, Esquire and Bast Amron LLP as Special Litigation Counsel to the Estate Effective as of August 20, 2024* (ECF No. 819)(the "Special Counsel Employment Order"), and (iv) the Court file; having heard argument of Trustee's counsel; having heard and accepted the Trustee's proffer; having noted that no objections to the relief sought in the Motion were filed or made at the hearing; being otherwise fully advised in the premises; and for the reasons set forth on the record and in the Motion, which are incorporated herein by reference, the Court finds:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and authority to enter into this Order pursuant to 11 U.S.C. § 105(a);

B.      The form and means of the notice of the Settlement and the Motion are hereby determined to have been good and sufficient notice to all persons and entities entitled to notice pursuant to this Court's *Second Amended Order Granting Trustee, Scott N. Brown's Second Ex*

---

[2] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

[3] The settlement subject of the Settlement Agreement shall be referred to as the "Settlement."

4918-4566-8717, v. 1

*Parte Motion for Entry of Order to Limit Notice and Establish Notice Procedures* (ECF No. 874)(the "Order Limiting Notice");

C.      The Court has been apprised of the negotiations that preceded the execution of the Settlement Agreement, and finds that the Settlement is a result of arms-length bargaining between the Trustee and Pan Am Flight Academy, LLC, and represents a good faith compromise and resolution of the matters settled. There is no evidence that the Settlement is the result of collusion among the parties; and

D.      The legal and factual basis set forth in the Motion and on the record establish that the Settlement represents a fair, reasonable and adequate resolution of the claims among the parties, and the Court finds that the Settlement is fair and equitable with respect to creditors in this substantively consolidated bankruptcy case, is in the best interest of this substantively consolidated bankruptcy estate, and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** in its entirety.

2.      The Settlement is **APPROVED** in its entirety on the terms and conditions set forth in the Settlement Agreement, which terms and conditions are incorporated herein by reference.

3.      Without limiting the generality of the foregoing, pursuant to the terms of the Settlement Agreement, Pan Am Flight Academy, LLC is directed to pay to the Trustee the sum of $65,000.00 in cleared funds (the "Settlement Amount") on the payment terms set forth in the Agreement.

4.      Without limiting the generality of the foregoing, pursuant to the terms of the Special Counsel Employment Order, the Trustee is authorized to disburse the contingency fee of

4918-4566-8717, v. 1

Case No. 23-17503-RAM
(Substantively Consolidated)

$22,750.00 (35% of the Settlement Amount) to Bast Amron LLP upon receipt of the Settlement Amount, without further order of this Court.

5.      Without limiting the generality of the foregoing: (a) the parties are authorized to take any and all actions necessary to effectuate the terms of the Settlement; and (b) the Trustee is authorized, but not directed, to take such actions, and execute such documents and instruments, as he deems reasonable, necessary and/or desirable to effectuate the Settlement.

6.      This Court retains sole and exclusive personal and subject matter jurisdiction over the parties to enforce and interpret the terms of this Order and the Settlement, and resolve any and all disputes arising from or related to same.

###

Submitted by:

Scott N. Brown, Esq.
BAST AMRON LLP
*Special Litigation Counsel to the Trustee,*
*Scott N. Brown*
One Southeast Third Avenue, Suite 2410
Miami, Florida  33131
Telephone:  305.379.7904
Email: sbrown@bastamron.com

Copy furnished to:
Scott N. Brown, Esq.
Attorney Brown is hereby directed to serve a copy of this Order on all interested parties entitled to notice pursuant to the Court's *Second Amended Order Granting Trustee, Scott N. Brown's Second Ex Parte Motion for Entry of Order to Limit Notice and Establish Notice Procedures* (ECF No. 874) and file a Certificate of Service.

4918-4566-8717, v. 1